IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00363-CNS-MEH

JULIE L. CARPER,

     Plaintiff,

v.

DOUGLAS PETERSON, in his official capacity as Nebraska Attorney General and in his individual capacity,
SHAWN EATHERTON, in his official and individual capacities, and
SHARON K. MAULER, in her official and individual capacities,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court are the Motion to Dismiss by Defendants Shawn Eatherton and Sharon K. Mauler (ECF 20) and the Motion to Dismiss by Defendant Douglas Peterson (ECF 24) (together, "Motions"). The Motions are fully briefed. The Court finds that oral argument would not materially assist in the Motions' adjudication. For the following reasons, the Court respectfully recommends granting the Motions.

## BACKGROUND

     Plaintiff's Complaint is a nearly twenty-seven-page document (plus some attachments) written in narrative form. *See* Fed. R. Civ. P. 10 (providing that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable  to a single set of circumstances."). Plaintiff brings "one cause of action" for malicious prosecution under 42 U.S.C. § 1983, ECF 1 at 3, with extensive allegations concerning conduct as far back as 2009. The

Motions detail those allegations and provide additional context through citations to other cases in this District as well as other public records. *E.g.*, ECF 20 at 1 n.1.

For purposes of this Recommendation, the following factual recitation suffices, drawn from the Plaintiff's Complaint and the parties' briefing on the Motions. Defendant Mauler is the Court Clerk for Buffalo County, Nebraska; Defendant Eatherton is the County Attorney for Buffalo County; and Defendant Peterson is the Nebraska Attorney General. Plaintiff finalized a divorce in Buffalo County in 2009. Due to allegations that Plaintiff failed to make child support payments as a result of that divorce, an arrest warrant was issued in July 2018. At the time, Plaintiff resided in Colorado. She filed petitions for writ of habeas corpus, attempting to avoid extradition to Nebraska. Those efforts failed, and Plaintiff was extradited to Nebraska. Plaintiff challenges the legality of the arrest warrant and seeks to hold accountable the public officials she believes are responsible for allowing her constitutional rights to be violated. The allegedly illicit conduct of Defendants is vast in nature. *See generally* ECF 1. In their Reply (ECF 67), Defendants Eatherton and Mauler provide additional information about the various state court legal proceedings involving Plaintiff. At page 2 of their Motion to Dismiss (ECF 20), Defendants Eatherton and Mauler list the many lawsuits that Plaintiff has filed as a result of those court proceedings brought against her.

Defendants Eatherton and Mauler have moved to dismiss under Fed. R. Civ. P. 12(b)(2), (3), and (6). ECF 20. Defendant Peterson echoes those arguments and also moves under Fed. R. Civ. P. 12(b)(1). ECF 24. Of initial interest to the Court are the Rule 12(b)(1) and (2) arguments, since they concern subject matter and personal jurisdiction, respectively. Because the Court agrees with Defendants' arguments on these bases, the Court does not need to reach their alternative arguments for dismissal.

**LEGAL STANDARD**

## I.   Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear her claims.

## II.   Fed. R. Civ. P. 12(b)(2)

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). When no evidentiary hearing is held "the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *see also Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts

that if true would support jurisdiction over the defendant." *OMI Holdings, Inc.*, 149 F.3d at 1091

(10th Cir. 1998); *see also Old Republic Ins. Co.*, 877 F.3d at 900.

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.  However, only the well ple[a]d[ed] facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505 (citations and internal quotation marks omitted).

"[T]o defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a

compelling case demonstrating that the presence of some other considerations would render

jurisdiction unreasonable." *OMI Holdings, Inc.*, 149 F.3d at 1091 (citation and internal quotations

omitted). "If the parties present conflicting affidavits, all factual disputes are resolved in the

plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary

presentation by the moving party." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731,

733 (10th Cir. 1984).

**III.     Treatment of a Pro Se Litigant's Pleadings**

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*,

425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991)). "Th[e] court, however, will not supply additional factual allegations to round out a

plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561

F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th

Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Among many other arguments, all Defendants request dismissal based on lack of personal jurisdiction. In addition, Defendant Peterson argues that claims against him in his official capacity are barred by the Eleventh Amendment. Because that argument goes to the Court's subject matter jurisdiction, the Court addresses that argument first, followed by the arguments on personal jurisdiction.

## I.     Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power . . . shall not be construed to extend to any suit in law . . . commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. In general, a state may not be sued in federal court for damages. *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992). That immunity extends to state officials sued in their official capacity. *Id.* (finding that the Eleventh Amendment bars suit unless the state waives immunity); *see also Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (explaining that the Eleventh Amendment bars suits when state officials are sued, in their official capacity, for damages). Additionally, this immunity applies to suits arising under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 335 (1979) ("[42 U.S.C. §] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States."). Accordingly, Defendant Peterson, as the Nebraska Attorney General,

enjoys Eleventh Amendment immunity. *Crone v. Dep't of Human Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438, at *9 (D. Colo. Oct. 5, 2012). The claims against him in his official capacity should be dismissed without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.*

## II.      Personal Jurisdiction

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see* Fed. R. Civ. P. 4(k)(1)(A). Colorado's long-arm statute, Colo. Rev. Stat. § 13–1–124, extends jurisdiction to the Constitution's full extent. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004); *Mr. Steak, Inc. v. District Court*, 574 P.2d 95, 96 (1978) (en banc). Thus, the specific personal jurisdiction analysis here is a single due process inquiry. *See Benton*, 375 F.3d at 1075.

When evaluating personal jurisdiction under the due process clause, the Tenth Circuit conducts a two-step analysis. At the first step, the court examines "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). If the defendant has sufficient contacts, the court then asks whether "exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances of a given case. *Id.* (citations omitted). "This analysis is fact specific." *ClearOne*

*Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)).

In this case, Defendant Eatherton is a resident of Nebraska and has lived there for the last twenty-seven years, Ex. N. at 1, ¶ 3; Defendant Mauler is a resident of Nebraska and has lived there her entire life, Ex. O at 1, ¶ 3; and Defendant Peterson is a resident of Nebraska who has lived in that state since 1985, ECF 24-1 at 2, ¶ 4. None of the Defendants own, use, or possess any real property in Colorado. Ex. N at 2, ¶ 6; Ex. O at 2, ¶ 6; ECF 24-1 at 2, ¶ 6. No Defendant is aware of having committed any "tortious acts" in Colorado. Ex. N at 1, ¶ 5; Ex. O at 1, ¶ 5; ECF 24-1 at 2, ¶ 8. Finally, Defendants Eatherton and Mauler have not conducted business in Colorado. Ex. N at 1, ¶ 4; Ex. O at 1, ¶ 4. In sum, it does not appear that the Defendants have any ties to Colorado. In fact, Plaintiff's Complaint makes no allegation at all that would suggest any Defendant would have the requisite "minimum contacts" to establish personal jurisdiction.

In her response briefs, Plaintiff argues that her Complaint provides sufficient allegations of contacts by "the administrative agency." ECF 60 at 3; ECF 61 at 13–14. Even if the Court imparted some agency's contacts to Defendants (an argument Plaintiff does not expressly make), she admits, though, that it was "CSEA officials [that] filed" the documents and charges that led to her extradition. ECF 61 at 14. She does not explain what purposeful contacts *these* Defendants had with Colorado that would be sufficient to allow this Court to exert jurisdiction over them. Plaintiff also confuses diversity jurisdiction for purposes of subject matter jurisdiction with the requirements of personal jurisdiction. ECF 60 at 3 ("[Defendants] have sworn to be U.S. Citizens which creates federal jurisdiction as Diversity Jurisdiction as class members 28 U.S. Code § 1332."). Just because Defendants may be U.S. citizens does not mean that this Court has personal jurisdiction over them. Finally, it is unclear whether Plaintiff intends to argue general jurisdiction

over the Defendants. ECF 61 at 14 ("Defendants have made contact as continuous and systematic which permits general jurisdiction, but this type of contact is not at issue in this case."). In the event Plaintiff does argue such jurisdiction exists, the Court notes that "general jurisdiction [exists] only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). The paradigm example is a corporate entity's state of incorporation. *Id.* Here, Defendants are not 'at home" in Colorado (i.e., they are not Colorado citizens), so the Court cannot exercise general personal jurisdiction.

## **CONCLUSION**

As they summarize them in their respective Replies (ECF 66 and 67), Defendants argue that Plaintiff's Section 1983 malicious prosecution claim against them suffers from several legal defects. Because the Court finds the claims against Defendant Peterson in his official capacity are barred by sovereign immunity and that this Court does not have personal jurisdiction over any of the Defendants, the Court recommends dismissal of Plaintiff's Complaint without considering their additional arguments. For the reasons stated herein, the Court respectfully recommends that Defendants Eatherton and Mauler's Motion to Dismiss [filed May 6, 2022; ECF 20] and Defendant Peterson's Motion to Dismiss [filed May 12, 2022; ECF 24] be **granted**. Plaintiff's claims should be dismissed without prejudice for lack of personal jurisdiction over Defendants, and this case should be closed.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to

Respectfully submitted this 12th day of September, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.