IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00363-CNS-MEH

JULIE CARPER, for herself and as parent,

    Plaintiff,

v.

DOUGLAS PETERSON, in his official capacity as Nebraska Attorney General and his individual capacity,
SHAWN EATHERTON, in his official and individual capacities, and
SHARON K. MAULER, in her official and individual capacities,

    Defendants.

## ORDER

Before the Court is pro se Plaintiff's "Fed. R. Civil Rule 72, Reconsideration [and] Motion to Leave to Amend Complaint." (ECF No. 71). The Court interprets this as an Objection to the Report and Recommendation by United States Magistrate Judge Hegarty issued on September 12, 2022, recommending that Defendants Eatherton, Mauler and Peterson's Motions to Dismiss be granted. (ECF Nos. 20, 24, 68). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND

The factual background and allegations in Plaintiff's Complaint are summarized in Magistrate Judge Hegarty's Recommendation. (*See* ECF No. 68). The Court incorporates the factual summary of the Complaint into this Order. Defendants Eatherton and Mauler moved to

1

dismiss under Federal Rule of Civil Procedure 12(b)(2), (3), and (6).  (ECF No. 20). Defendant Peterson moved to dismiss under Rule 12(b)(1).  (ECF No. 24).  Magistrate Judge Hegarty recommended granting both motions, finding that (1) the claims against Defendant Peterson in his official capacity are barred by sovereign immunity and (2) the Court does not have personal jurisdiction over any of the Defendants as they are all residents of Nebraska and have no ties or contacts with Colorado.  (ECF No. 68, pp. 7-8).  In the instant Objections, Plaintiff moves to amend her Complaint and argues that her claims will be time-barred if she must refile her civil action. (ECF No 71).

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Considering Plaintiff's pro se status, the Court reviews her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

### III. ANALYSIS

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *2121 East 30th St.*, 73 F.3d at 1060. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985).

First, Plaintiff did not specifically object to the Magistrate Judge's Recommendation that the claims should be dismissed due to lack of personal jurisdiction or that the claims against Defendant Peterson in his official capacity are barred by sovereign immunity. In the absence of an objection, the Court reviews the Recommendation on these claims for clear error. Fed. R. Civ. P. 72(b)(3); *see Summers*, 927 F.2d at 1167. The Court perceives no error in Magistrate Judge Hegarty's Recommendation and concludes that it is a correct application of the facts and the law. Accordingly, the Recommendation is ADOPTED as an Order of the Court.

Second, Plaintiff moves for leave to amend her Complaint to correct these jurisdictional issues and allege minimum contacts. (ECF No. 71, p. 4). However, Plaintiff does not explain in her Objections what additional facts or evidence could establish personal jurisdiction over Defendants. Moreover, Plaintiff does not discuss how she would amend the Complaint to change the analysis regarding sovereign immunity. While the Court must construe a pro se litigant's pleadings liberally, Plaintiff's pro se status does not excuse her obligation to comply with fundamental procedural requirements. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The decision of whether to grant leave to amend is within the Court's

3

discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). However, denial to amend is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In particular, an "amendment is futile if the complaint, as amended, would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

Here, the Court finds that Plaintiff's failure to explain what, if any, contacts Defendants had with Colorado that would permit this Court to have jurisdiction over them is fatal to her motion. Magistrate Judge Hegarty clearly explained that all the Defendants are residents of Nebraska, none of them own, use, or possess any real property in Colorado, none have committed any tortious acts in Colorado, and Defendants Eatherton and Mauler have not conducted any business in Colorado. (ECF No. 68, p. 7). Accordingly, granting Plaintiff leave to amend is a futile act as she cannot and has not established that the Court has personal jurisdiction over Defendants or that the claims against Defendant Peterson in his official capacity are not barred by sovereign immunity.[1] Accordingly, her motion to amend is DENIED and Plaintiff's claims are DISMISSED WITH PREJUDICE for lack of personal jurisdiction over Defendants.

### IV. CONCLUSION

Accordingly, the Court OVERRULES Plaintiff's Objections and AFFIRMS AND ADOPTS Magistrate Judge Hegarty's Recommendation. (ECF Nos. 68, 71).

---

[1] The Court notes that Plaintiff has repeatedly litigated these claims against these Defendants in two other cases and then voluntarily dismissed the claims. *See* 21-cv-00907-SKC (voluntarily dismissed by Plaintiff); 21-cv-02499-RM-MEH (voluntarily dismissed by Plaintiff). The Court will not grant Plaintiff a fourth bite at the apple.

It is FURTHER ORDERED that Defendants Eatherton and Mauler's Motion to Dismiss is GRANTED.  (ECF No. 20).

It is FURTHER ORDERED that Defendant Peterson's Motion to Dismiss is GRANTED. (ECF No. 24).

It is FURTHER ORDERED that Plaintiff's Motion to Amend is DENIED and her claims are DISMISSED WITH PREJUDICE.  (ECF No. 71).

The Clerk of Court is directed to enter judgment and close this case.

DATED this 5th day of December 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge