IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00363-CNS-MEH

JULIE CARPER, for herself and as parent,

    Plaintiff,

v.

DOUGLAS PETERSON, in his official capacity as Nebraska Attorney General and his individual capacity,
SHAWN EATHERTON, in his official and individual capacities, and
SHARON K. MAULER, in her official and individual capacities,

    Defendants.

## ORDER

Before the Court is pro se Plaintiff's Rule 60 Motion for Relief from Judgment or Order (ECF No. 89) and Motion for a Stay Under Federal Rule of Civil Procedure 8 (ECF No. 94). For the following reasons, the Court DENIES both motions.

### I. SUMMARY OF ORDER FOR PRO SE PLAINTIFF JULIE CARPER

You started this lawsuit on February 9, 2022, after dismissing your prior lawsuit in the United States District Court for the District Court of Colorado on the same day. You attended a Status Conference held on August 22, 2022, before Magistrate Judge Hegarty. Magistrate Judge Hegarty discussed with you the consequences of filing frivolous claims. The Defendants, whom you named in your lawsuit, filed a motion to dismiss your Complaint for lack of personal jurisdiction and sovereign immunity. Magistrate Judge Hegarty recommended that the Court

1

should grant their motions to dismiss your claims without prejudice because there was no personal jurisdiction over the Defendants and one defendant had sovereign immunity.

You filed a document entitled "Relief from Judgment/Recommendation Order Fed.R.Civ.P Rule 60." You stated that "[w]hile the Recommendation Order was noted as 'should be' dismissed without prejudice without consideration as to Time Sensitive filing within the statute of limitations [sic]" and that "[a]mendment to Complaint should be allowed, as Defendants Mauler and Eatherton have filed an ERRATA to amend Exhibit A [20-1]." You claimed that the documents filed by Defendants by mistake in ECF No. 20-1 contained "personal jurisdiction and admission of unemployment." You did not discuss how you would fix the issues of lack of personal jurisdiction or that sovereign immunity barred your claims.

The Court adopted the magistrate judge's recommendation for its reasoning but dismissed your claims with prejudice due to your multiple, frivolous filings in three related cases. You have now filed a motion for reconsideration and a motion for a stay pending judgment on the motion for reconsideration. The Court explains why it is denying these two motions further below. It also discusses the legal authority that supports this conclusion.

## II. BACKGROUND

In July 2019, an arrest warrant was issued by the State of Nebraska after Plaintiff failed to make child support payments between October 2017 and July 2018 (*see* ECF No. 20-2).[1] Plaintiff filed multiple applications for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, which were ultimately denied on June 21, 2019, because

---

[1] Defendants' exhibits are reviewed by the Court as they were referred to in the Plaintiff's Complaint, central to the claims, and the parties did not dispute the documents' authenticity. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013)

Plaintiff failed to demonstrate that she was entitled to federal habeas relief (ECF No. 20-8). Plaintiff was extradited to Nebraska; however, the criminal case was ultimately dismissed without prejudice on March 23, 2020, after the Nebraska state court found Plaintiff incompetent and competency could not be restored (ECF No. 20-13).

Plaintiff filed her first civil action in the United States District Court for the District of Colorado on March 30, 2021, against William McMullen (Chair for the Board of Commissioners for Buffalo County Title IV-D program), Defendant Eatherton, and Defendant Mauler. After the Court reviewed Plaintiff's proposed Amended Complaint and found it deficient in its pleadings, Plaintiff moved to dismiss her complaint without prejudice in July 2021, which the Court construed as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Carper v. McMullen*, 21-cv-00907-SKC (ECF Nos. 26, 31). Plaintiff filed a second civil action in September 2021, again naming as defendants, inter alia, Mr. Eatherton and Ms. Mauler. Defendants moved to dismiss, and the motion was fully briefed. Some of the arguments in the briefing pertained to the issues that the Court lacked personal jurisdiction over the defendants and that Plaintiff's claims were barred by the statute of limitations. On February 9, 2022, Plaintiff again moved to voluntarily dismiss her case without prejudice, which the Court granted. *See Carper v. McMullen*, 21-cv-02499-RM-MEH (ECF Nos. 50, 51).

On February 9, 2022, Plaintiff filed this third civil action raising a claim of malicious prosecution in violation of the Fourteenth Amendment via 42 U.S.C. § 1983 (*see* ECF No. 1) against Defendants Peterson, Eatherton, and Mauler. Defendants Eatherton and Mauler moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), (3), and (6) (ECF No. 20). Defendant Peterson moved to dismiss under Rule 12(b)(1) (ECF No. 24). Magistrate Judge Hegarty

3

recommended granting both motions, finding that (1) the claims against Defendant Peterson in his official capacity are barred by sovereign immunity and (2) the Court lacked personal jurisdiction over any of the Defendants, as they are all residents of Nebraska and have no ties or contacts with Colorado (ECF No. 68, pp. 7-8).  Indeed, the Court noted that Plaintiff failed to even allege personal jurisdiction.  Plaintiff filed a document entitled "Fed. R. Civil Rule 72, Reconsideration Motion to Leave Amend Complaint" (ECF No. 71).  The Court liberally construed this as an Objection to Magistrate Judge Hegarty's Recommendation as well as a motion to amend the Complaint.  In this document, Plaintiff conceded that (1) "the Complaint has a time sensitive statute of limitations dated March 23, 2020, from which claims are premised around malicious prosecution" and (2) that the recommendation to dismiss without prejudice "has the overall effect is a dismissal with prejudice" because without the "tolling of limitations or opportunity to leave to amend any subsequential filing would automatically be time barred"[2] (ECF No. 71 at 1-3).

This Court overruled Plaintiff's Objection and affirmed and adopted Magistrate Judge Hegarty's Recommendation, but dismissed the Complaint with prejudice (ECF No. 85).  First, the Court noted that Plaintiff did not specifically object to the Magistrate Judge's recommendation that the claims should be dismissed for lack of personal jurisdiction or are barred by sovereign immunity and did not find any clear error in the Magistrate Judge's analysis.  Second, the Court

---

[2] Plaintiff noted that while there is no statute of limitations under 42 U.S.C. § 1983, federal courts considering § 1983 claims "should borrow the general or residual statute for personal injury actions." *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *compare Hackler v. Miller*, 114 N.W. 274, 275 (Neb. 1907) (statute of limitations for malicious prosecution is one year after the criminal case is dismissed or the prosecution is terminated) *with Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.").  The Court did not rule on the underlying claim when analyzing Plaintiff's motion to amend but noted that Plaintiff had conceded that the statute of limitations prevented her from refiling her claims.  *See Birch v. Sprint/Nextel Corp.*, 675 F. App'x 821, 824 (10th Cir. 2017) (affirming the district court's finding that it lacked personal jurisdiction over the defendant, but reverse its decision to dismiss with prejudice based on its conclusion that the plaintiff's claims were time-barred).

considered Plaintiff's arguments about amending her Complaint, and determined that amending would be futile given that Plaintiff had already filed three similar complaints in three separate civil actions against the same Defendants, still had not alleged that the Court had personal jurisdiction over any of the Defendants, and could not establish that sovereign immunity did not bar her claims against Defendant Peterson.

In Plaintiff's motion for reconsideration under Rule 60, Plaintiff argues that (1) the Court erred in dismissing with prejudice without clear justification or independent reading of the documents; (2) Plaintiff should be permitted to amend her Complaint because the state of Nebraska was "actively instrumental" in the collection of child support debt and had contacts with the state of Colorado by issuing arrest warrants and extraditing Plaintiff; (3) the undersigned did not participate in any hearings and the Order was "biased and prejudicial"; and (4) Defendants had filed a Notice of Errata (see ECF No. 62)[3] and, therefore, should not have the case dismissed in their favor (ECF No. 89 at 1-5). Plaintiff moves the Court to either allow her to amend the Complaint or dismiss the Complaint without prejudice and "allow the extension of the statute of limitation to a new case" (ECF No. 89, p. 5).

### III.  LEGAL STANDARD

Because Plaintiff is proceeding pro se for the instant motion, this Court construes her filings liberally; however, this Court does not assume the role of advocate for her. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cty.*

---

[3] Defendants Eatherton and Mauler inadvertently filed an exhibit (ECF No. 20-1) that was only meant to be a five-page summary of the cases regarding Plaintiff in Nebraska state court and instead comprised of approximately 329 pages. Defendants corrected the issue by filing the notice of errata and filed the limited number of pages for the Court's review (*see* ECF No. 62-1). The Court did not review Defendants' original exhibits in ECF No. 20-1.

*Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Plaintiff filed her motion fourteen days after the Court's judgment, thus, the motion was properly filed pursuant to Rule 60(b). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Relief under Rule 60(b), however, is "extraordinary and may only be granted in exceptional circumstances." *Id.* at 1009 (internal quotations omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)  A motion for reconsideration is appropriate when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

## IV. ANALYSIS

Plaintiff does not point to a change in law or explain that there is new evidence that was previously unavailable, and instead relies on the third basis. Specifically, Plaintiff argues that she should be allowed to "fix" her pleadings and that Defendant's Notice of Errata is an "egregious error" (ECF No. 89 at 2-3). Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course and thereafter by leave of court, which "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, Plaintiff still does not address the issue that the magistrate judge found that there was no personal jurisdiction over any Defendants or that sovereign immunity applied. Plaintiff's arguments do not establish to this Court a need to correct a clear error or prevent manifest injustice. *See Valentine v. James River Ins. Co.*, No. 20-CV-01638-CMA-SKC, 2023 WL 1768552, at *2 (D. Colo. Jan. 12, 2023).

Plaintiff also argues that the undersigned "has never participated in the case or heard the case facts from hearings." However, it is entirely appropriate for a district court judge to refer dispositive motions to a magistrate judge and conduct the review under Federal Rule of Civil Procedure 72(b) if the recommendation is properly challenged. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

To the extent that Plaintiff is requesting reconsideration of this Court's decision to dismiss her claims with prejudice, her argument is unpersuasive. On August 2, 2022, Magistrate Judge Hegarty held a status conference with the parties wherein he warned Plaintiff:

> THE COURT: I can't stop you from pursuing it. It's just that there might be consequences if you raise frivolous arguments, because the law doesn't permit you to raise frivolous arguments. Even though you disagree with the law, even though you hate what happened to you, even though you think everything was unjust, there are still certain ways to do that. And if you don't choose those ways and you choose ways where it can't be done, that could be viewed as frivolous, ultimately.
>
> Do you understand? [T]he concept of frivolousness is that there is no good faith basis, if you knew the law, to pursuing a course of action, because we do want everything filed in any court, but especially federal court, which are courts of limited jurisdiction, to be real controversies -- cases or controversies.
>
> That's what the constitution gives us authority over, and if someone comes into federal court, for example, and wants to file divorce in federal court just because they think the state courts aren't going to give them a fair shake, well, you can't do that, because we don't have any jurisdiction to hear divorce cases, and so that would be frivolous. Do you understand that example?
>
> MS. CARPER: Correct.
>
> THE COURT: Okay. So why do you think this is not that? . . .
>
> THE COURT: Okay. And what discovery do you need?

7

> MS. CARPER: I guess I would like a stay to have discovery for jurisdiction -- for that part of discovery first, to see if there is subject matter jurisdiction at the federal court level.
>
> THE COURT: But why do you think there is? Because you're asserting jurisdiction. You're right, that a federal court has an obligation at all times to make sure that it has jurisdiction, because we are courts of limited jurisdiction –
>
> MS. CARPER: Correct

(ECF No. 110). Furthermore, Plaintiff has already previously filed two other civil cases against Defendants regarding the same issues and had voluntarily dismissed them when the Court found the pleadings deficient on their face or a defendant's motion to dismiss was pending adjudication.

Typically, dismissal for lack of personal jurisdiction is without prejudice. *Arocho v. Lappin*, 461 F. App'x 714, 719 (10th Cir. 2012). "In rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1091 (D.C. Cir. 1998). A court may dismiss with prejudice, whether on motion or sua sponte, as a sanction that may be properly imposed when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005); *Petrano v. Old Republic Nat. Title Ins. Co.*, 590 F. App'x 927, 929 (11th Cir. 2014) (holding that the district court did not abuse its discretion when it dismissed with prejudice the pro se plaintiff's amended complaint for refusing to amend in compliance with Federal Rule of Civil Procedure 8, awarded monetary sanctions for frivolous filings, and denied the plaintiff's motions for sanctions and relief from the final judgment).

Some courts also look to other aggravating factors: "(1) delay caused by the plaintiff (not counsel), (2) delay caused by intentional conduct, or (3) actual prejudice to the defendant." *See Cherry v. Kroger Texas, L.P.*, 693 F. App'x 345, 346 (5th Cir. 2017) (internal quotations omitted); *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) ("It is also unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).

The Court determined that Plaintiff had repeatedly tried to litigate these claims, or similar claims pertaining to her extradition to Nebraska in 2019, and that Plaintiff had repeatedly failed to establish personal jurisdiction over Defendants (ECF No. 85). Plaintiff's habit of repeatedly filing civil actions despite being on notice of the lack of the Court's jurisdiction had grown abusive. Indeed, Plaintiff filed three civil actions in one year. Plaintiff had been previously warned about the consequences of filing frivolous claims and the Court denied Plaintiff's request to amend as futile and dismissed her claims with prejudice to end the actual harm and prejudice to Defendants of repeatedly defending against these claims in court. A lesser sanction would not deter Plaintiff from repeating her conduct.[4]

Separately, Plaintiff moves for a stay during the pendency of her motion for reconsideration (ECF No. 94). Having now ruled on the motion for reconsideration, the Court denies the motion for a stay as moot.

---

[4] By Order this same date, the Court has declined to award Defendants their requested attorneys' fees as a further sanction (*see* ECF No. 87).

## V.  CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED (ECF No. 89) and the motion for a stay is DENIED AS MOOT (ECF No. 94).

DATED this 9th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge