IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00363-CNS-MEH

JULIE CARPER, for herself and as parent,

    Plaintiff,

v.

DOUGLAS PETERSON, in his official capacity as Nebraska Attorney General and his individual capacity,
SHAWN EATHERTON, in his official and individual capacities, and
SHARON K. MAULER, in her official and individual capacities,

    Defendants.

## ORDER

Before the Court are (1) Defendants Eatherton and Mauler's Motion for Attorneys' Fees (ECF No. 87) and (2) pro se Plaintiff's § 1988 Motion For Hearing (ECF No. 105). For the following reasons, the Court DENIES both motions.

### I. FACTS

The Court incorporates the facts from its prior Orders (*see* ECF Nos. 85, 112). On December 5, 2022, this Court affirmed and adopted United States Magistrate Judge Hegarty's Report and Recommendation, recommending the dismissal of Plaintiff's claims for lack of personal jurisdiction and sovereign immunity (ECF No. 68). Defendants Eatherton and Mauler now move for attorneys' fees (ECF No. 87) and Plaintiff moves for a hearing in the event that the

1

Court awards Defendants their fees (ECF No. 105).  Defendants do not contest Plaintiff's motion for a hearing (ECF No. 108).

## II.  LEGAL STANDARD

Plaintiff filed the instant civil action raising a claim of malicious prosecution by the State of Nebraska in violation of the Fourteenth Amendment via 42 U.S.C. § 1983 (*see* ECF No. 1).  In a civil rights action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Id*. (internal quotations and citations omitted).  Plaintiff is not the prevailing party in this case.

A prevailing defendant *may* recover an attorney's fee "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Id*. at 429 n.2 (emphasis added).  This is a high bar for Defendants "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000) (noting that dismissal of claims at the summary judgment stage does not automatically meet this high bar); *see also Utah Animal Rts. Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1245 (10th Cir. 2009).

## III.  ANALYSIS

Defendants seek an award of attorneys' fees pursuant to Colorado Revised Statute § 13-17-201 in the amount of $16,764.50 (ECF No. 87 at 8).  This statute, however, is inapplicable as

2

this case arose under federal question jurisdiction rather than diversity. Defendants correct this argument in their reply (ECF No. 103); however, these new arguments do not meet the high bar for Defendants. Indeed, Defendants argue that the Court should take into consideration Plaintiff's "pernicious history of filings in this Court *and* in Nebraska" (*id*, p. 2) (emphasis added). Defendants do not cite any authority permitting the Court to take into consideration Plaintiff's litigation history in state courts and the Court will not do so here.

Plaintiff was extradited to Nebraska for failure to pay child support and then was not found competent to stand trial for her failure to pay. The Court, in its discretion, does not find that an award of $16,764.50 in attorneys' fees is appropriate in this action, nor would it be in the interests of justice. Rather, the Court finds that dismissing Plaintiff's Complaint with prejudice was sanction enough.

Because this Court is denying Defendants' motion for attorneys' fees (ECF No. 87), Plaintiff's motion for a hearing is denied as moot (ECF No. 105).

### IV. CONCLUSION

Accordingly, Defendants' motion for attorneys' fees is DENIED (ECF No. 87) and Plaintiff's motion for a hearing is DENIED AS MOOT (ECF No. 105).

DATED this 9th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge